UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEO REMILLARD, : | |
|     Plaintiff, : | |
| : | PRISONER |
| v. : | Case No. 3:15-cv-1714(SRU) |
| : | |
| WARDEN MALDONADO, ET AL., : | |
|     Defendants. : | |

## RULING AND ORDER

The plaintiff, Leo Remillard, is incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut ("MacDougall-Walker"). He has filed a Complaint under 42 U.S.C. § 1983 against the Warden and a Counselor Supervisor at Osborn Correctional Institution ("Osborn") as well as the medical department at Osborn. For the reasons set forth below, the complaint is dismissed.

Pursuant to section 1915A(b) of Title 28 of the United States Code, the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I. <u>Allegations</u>

On June 21, 2015, Remillard was involved in an altercation in the cafeteria at Osborn. He received a disciplinary report for fighting. He pleaded guilty to the infraction and the disciplinary hearing officer imposed sanctions of seven days in punitive segregation.

Remillard claims that he should have been released from segregation on June 29, 2015. On that date, prison officials initially informed Remillard that his risk level had been raised to level four and that he would be transferred to another prison facility. Later that day, prison officials took Remillard off the transfer list because medical staff wanted to keep him at Osborn until he had completed his Hepatitis C protocol. Medical staff informed Remillard that he would remain at Osborn for at least a week.

Remillard alleges that Unit Manager Long improperly chose to keep him confined in the punitive segregation unit for an additional seven days instead of transferring him to the medical unit to complete his Hepatitis C protocol and that Warden Maldonado approved Remillard's continued confinement. On July 6, 2015, prison officials transferred Remillard to another prison facility.

II. <u>Analysis</u>

A.     *Claims against the Medical Department*

Remillard names the medical/infectious diseases department at Osborn as a defendant. To state a claim under section 1983, the plaintiff must allege facts showing that the defendant, a person acting under color of state, law deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982).

A state agency is not a person within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989). The State of Connecticut Department of Correction is a state agency. *See Vaden v. Connecticut*, 557 F. Supp. 2d 279, 288 (D. Conn. 2008); *Garris v. Dep't of Corr.*, 170 F. Supp. 2d 182, 186 (D. Conn. 2001). As part of the Department of Correction, a correctional facility medical department is not a person subject to liability under section 1983. *See Santos v. Conn. Dep't of Corr.*, 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005) (observing that "[n]either a Department of Correction nor a correctional institution is a person" subject to liability under section 1983); *Torrence v. Pelkey*, 164 F. Supp. 2d 264, 271 (D. Conn. 2001) (same). Thus, the claims against defendant Osborn Medical Department are dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

B.     *Official Capacity Claims*

Remillard asks for monetary damages to compensate him for emotional distress and pain and suffering. To the extent that he seeks monetary damages from defendants Long and Maldonado in their official capacities, those claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). All such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

C.     *Due Process Claims*

3

Remillard claims that defendants Long and Maldonado kept him in the segregation unit for seven extra days before his transfer to another facility. No hearing was held prior to his continued confinement in the segregation unit.

To state a claim for violation of procedural due process in connection with sanctions imposed for a disciplinary infraction, an inmate must show that he had a protected liberty interest and, if he had such an interest, that he was deprived of that interest without being afforded due process of law. *See Sandin v. Conner,* 515 U.S. 472 (1995). In *Sandin*, the Supreme Court reexamined "the circumstances under which state prison regulations afford inmates a liberty interest protected by the Due Process Clause." *Id.* at 474. The Court explained that in the prison setting, liberty interests protected by Due Process will be "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 485. The Court held that the plaintiff-inmate's conditions of confinement in disciplinary segregation for thirty days did not present the type of atypical, significant deprivation in which a State might create a liberty interest. Instead, the Court held that an inmate has a protected liberty interest only if the disciplinary sanctions caused him to suffer an "atypical and significant hardship" in comparison to "the ordinary incidents of prison life." *Id.*

The Second Circuit has held that confinement in restrictive housing for periods significantly longer than the period at issue in this case did not constitute an atypical or significant hardship sufficient to state a claim under *Sandin*. *See Borcsok v. Early*, 299 F. App'x 76, 78 (2d Cir. 2008) ("Even if we include the eleven days that [plaintiff] spent in SHU before the disciplinary hearing with the ninety days he received as part of his penalty, the duration of his confinement was neither atypical nor significant."); *Sealey v. Giltner*, 197 F.3d 578, 589 (2d Cir. 1999) (holding 101-day

4

confinement in restrictive housing unpleasant but not atypical or significant); *see also Lewis v. Sieminski*, 2010 WL 3827991, at *6 (D. Conn. Sept. 22, 2010) (noting that "decisions in the Second Circuit are unanimous that keeplock or confinement [in segregated housing] for 30 days or less in New York prisons is not 'atypical or significant hardship' under *Sandin*") (internal quotation marks and citation omitted).

Remillard spent seven days in punitive segregation as a result of the sanctions imposed on him after he pleaded guilty to the disciplinary infraction for fighting. He then spent an additional seven days in the punitive segregation unit while he completed his Hepatitis C protocol. There are no facts to suggest that Remillard's confinement for fourteen days in the segregation unit constituted an atypical and significant hardship. Thus, Remillard has not stated a claim of a violation of this due process rights under the Fourteenth Amendment, and the due process claims against defendants Maldonado and Long are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

D. *Eighth Amendment Claims*

To state an Eighth Amendment claim, an inmate must establish first, that a prison official denied him "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations and quotation marks omitted). Second, the inmate must show that the official acted with subjective "deliberate indifference" to his health or safety and that he exhibited a "sufficiently culpable state of mind." *Id.* at 834 (internal citations and quotation marks omitted).

Remillard has not alleged that any defendant denied him a basic life necessity during his two-week confinement in the segregation unit prior to his transfer to another prison facility. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1980) (prisoner must demonstrate that his conditions of

5

confinement alone or in combination resulted in "unquestioned and serious deprivations of basic human needs" or "deprive[d] [him or her] of the minimal civilized measures of life's necessities" to satisfy objective element of Eighth Amendment claim).

The Eighth Amendment does not require the least restrictive housing for a prisoner. Thus, the fact that Remillard would have preferred to be housed in the medical department at Osborn during the completion of his Hepatitis C protocol or transferred to another facility earlier does not state a claim under the Eighth Amendment of deliberate indifference to either his medical or other needs. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (inmates have no right to be confined in a particular state or a particular prison within a given state); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (transfer among correctional facilities, without more, does not violate inmate's constitutional rights, even where conditions in one prison are "more disagreeable" or the prison has "more severe rules"); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."). Accordingly, Remillard has failed to state a claim upon which relief may be granted under the Eighth Amendment. The Eighth Amendment claims are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The Court enters the following orders:

**(1)** The claims against all defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2). The Motion [**Doc. No. 10**] seeking to file documents with the court by United States Mail instead of electronically is **DENIED**. As an inmate confined at MacDougall-

Walker, Remillard is required to participate in the court's Prisoner Electronic Filing Program. *See* Standing Order on Prisoner Electronic Filing Program, Doc. No. 4. Remillard seeks a copy of the Complaint because he lost his copy during recent his transfers to different housing units within MacDougall-Walker. Based on Remillard's recently filed application to proceed *in forma pauperis*, it is evident that he does not have the funds to pay for a copy of the Complaint. The Motion for a Copy of the Complaint [**Doc. No. 12**] is **GRANTED**.

      **The Clerk is directed to send a copy of the Complaint to Remillard.** If Remillard chooses to appeal this decision, he may not do so *in forma pauperis* because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

      **(2)**    The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Bridgeport, Connecticut this 1st day of June 2016.

                                           /s/ STEFAN R. UNDERHILL
                                           Stefan R. Underhill
                                           United States District Judge